## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Paul B. Hornik, individually and as Trustee;
and Paul B. Hornik Living Trust
Dated October 18, 2001 (the "Hornik Trust"),

      Plaintiffs,

                                      Case No. 16-
                                      Hon.

v.

James R. Iaquinto, individually and as Trustee;
James R. Iaquinto Trust under Agreement
Dated August 21, 2008, as Amended and/or
Restated (the "J. Iaquinto Trust");
Michael C. Iaquinto;
Patrick L. Iaquinto and
Laura A. Iaquinto, individually and as Trustees;
Revocable Trust Agreement Dated
January 8, 2000 (the "P. Iaquinto Trust");
and Midwest Glass Fabricators, Inc.,
a Michigan Corporation,
Jointly and severally,

      Defendants.

**PLAINTIFFS' COMPLAINT**

**DEMAND FOR JURY TRIAL**

_____/

| | |
|---|---|
| MANTESE HONIGMAN P.C.<br>Gerard V. Mantese (P34424)<br>gmantese@manteselaw.com<br>1361 E. Big Beaver Road<br>Troy, Michigan 48083<br>(248) 457-9200<br>*Attorneys for Plaintiffs* | There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.<br><br>*/s/Gerard V. Mantese*<br>Gerard V. Mantese (P34424) |

_____/

### RECORDS PRESERVATION NOTICE

**You are hereby notified to preserve during the pendency of this action all records and documents in all forms and formats (digital, electronic, film, magnetic, optical, print, etc.) that are relevant or may lead to relevant information, and to notify your employees, agents and contractors that they are required to take appropriate action to do the same.**

## <u>PLAINTIFFS' COMPLAINT AND JURY DEMAND</u>

Plaintiffs, by their attorneys, MANTESE HONIGMAN P.C., and for their Complaint and Jury Demand, state as follows:

1.      This case arises out of the willfully unfair and oppressive conduct perpetrated by Defendants with respect to a closely held business.

2.      Plaintiff Paul B. Hornik, through the Paul B. Hornik Living Trust Dated October 18, 2001, is a minority shareholder of Midwest Glass Fabricators, Inc. ("the Company").

## <u>JURISDICTIONAL AND VENUE ALLEGATIONS</u>

**A.      <u>The Plaintiffs</u>**

3.      Plaintiff Paul B. Hornik is a resident of the State of South Carolina.

a.      Specifically, Paul B. Hornik is an individual residing in North Myrtle Beach, Horry County, South Carolina, and is an owner of 10% of the Company through the Paul B. Hornik Living Trust Dated October 18, 2001 ("Plaintiff Hornik Trust").

4.      Plaintiff Hornik Trust is a living trust granted for the benefit of Plaintiff Paul B. Hornik. Plaintiff Paul B. Hornik is the Trustee of the Plaintiff Hornik Trust.

**B.      <u>The Defendants</u>**

5.      Defendant James R. Iaquinto is a resident of the State of Michigan.

2

    a. Specifically, Defendant James R. Iaquinto is an individual and a trustee of the Defendant James R. Iaquinto Trust under Agreement Dated August 21, 2008, as Amended and/or Restated (the "J. Iaquinto Trust") residing in the City of Brighton, Livingston County, Michigan; is an owner of 45% of Midwest Glass Fabricators, Inc.; and, acting in concert with the other Defendants, is in control of the Company.

6. Defendant Michael C. Iaquinto is a resident of the State of Michigan.

    a. Specifically, Michael C. Iaquinto is an individual who resides in Wixom, Oakland County, Michigan; is an owner of 22.5% of Midwest Glass Fabricators, Inc. and, acting in concert with the other Defendants, is in control of the Company.

7. Defendants Patrick L. Iaquinto and Laura A. Iaquinto, are residents of the State of Michigan.

    a. Specifically, Defendants Patrick L. Iaquinto and Laura A. Iaquinto, who are individuals, reside in Commerce Township, Oakland County, Michigan, and through the Defendant Revocable Trust Agreement Dated January 8, 2000 (the "P. Iaquinto Trust"), are owners of 22.5% of Midwest Glass Fabricators, Inc., and, acting in concert with the other Defendants, are in control of the Company.

8. Midwest Glass Fabricators, Inc. is a Michigan corporation with its principal place of business in Highland, Oakland County, Michigan.

    a. The Company is a named Defendant in order to, among other things: (i) bind the Company to any potential court orders providing legal relief, along with injunctive, declaratory or any other applicable equitable relief, including relief under statutes relating to minority-shareholder oppression such as M.C.L. §450.1489; and (ii) obtain correct and complete information regarding Plaintiffs' ownership interests in the Company and other Company documents to which Plaintiffs are entitled.

9. The conduct at issue was perpetrated principally in Oakland County, Michigan. The amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332.

11. Venue is properly laid in this Court, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to this claim occurred in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

**A.  Defendants Have Engaged In Fraudulent,
Illegal, and Willfully Unfair and Oppressive Conduct**

Defendants have frozen Plaintiffs out of the Company and have oppressed them as to their ownership rights and interests in the Company.

12.  Among other things, Defendants have prevented Plaintiffs from participating in the affairs of the Company.

13.  Defendants have withheld from Plaintiffs information about the business conducted at, or decisions made at, the Company.

14.  Plaintiffs have been denied access to information to which they are statutorily entitled as shareholders of the Company.

15.  In breach of their fiduciary duties and various other obligations to Plaintiffs, Defendants have, among other things: (1) denied Plaintiffs information regarding the affairs of the business, (2) cut Plaintiffs off from the benefits of stock ownership in the business, and (3) acted in a variety of willfully unfair and oppressive ways that fail to comport with the high standard of fiduciary conduct to which Defendants are bound.

16.  Defendants have, among other things, engaged in a corporate oppression scheme that harms both the Company and Plaintiffs, giving rise to liability under both the common law and the applicable statutes, discussed below. Accordingly, Plaintiffs are entitled to the various remedies available at common

law, as well as under relevant statutes, including, but not limited to, damages and a buy-out of Plaintiffs' interests at fair value.

## COUNT I

## ACTION BY SHAREHOLDERS PURSUANT TO M.C.L. § 450.1489

### A.  Overview of M.C.L. § 450.1489

17.   Plaintiffs restate and incorporate all prior allegations.

18.   Since minority owners in closely held business entities cannot readily sell and trade their shares on the public markets, they are particularly susceptible to corporate abuse, or "oppression," by those in control of the entity.

19.   The Michigan Court of Appeals has noted that a shareholder in a close corporation "*is unable to escape an oppressive situation by dispensing with shares of ownership in the public arena*." *Estes v. IDEA Eng. & Fabricating, Inc.*, 250 Mich. App. 270, 280; 649 N.W.2d 84, 90 (2002) (italics in original).

20.   In order to remedy this problem, the Michigan legislature added M.C.L. 450.1489 to the Michigan Business Corporation Act to give a statutory cause of action to shareholders who are abused by controlling persons. Several years later, the legislature added an analogous provision, M.C.L. 450.4515, to the Michigan Limited Liability Company Act.

21.   Both statutes permit minority owners of business entities to bring direct actions against those in control who have engaged in conduct that is illegal,

6

fraudulent, or willfully unfair and oppressive to the entity or to the shareholder or member.

22.     'Control' may arise out of the Defendants' ownership interest, voting power, seat on the board of directors, position as officer or manager, by mere 'agreement' or tacit complicity in the oppressive actions alleged by Plaintiffs, or any combination of these factors.

**B.     Defendants' Liability under M.C.L. § 450.1489**

23.     Defendants are in control of the Company.

24.     The control by Defendants arises from their majority ownership interest in the Company; their positions as officers; their concerted efforts to oppress the Plaintiffs; and their otherwise illegal exclusion of Plaintiffs from the benefits of the business.

25.     As the persons in control of the Company, Defendants are required to adhere to a special duty of care in the operation of the Company and to act fairly in the balancing of their personal interests against those of the other shareholders, who are not in a control position, such as Plaintiffs.

26.     Defendants' positions as persons in control of the Company requires them to adhere to a strict standard of fiduciary responsibility; a standard more akin to a partnership, which connotes not mere honesty but the strictest honor and sensitivity.

27.     Indeed, the law requires the majority in control of the Company—i.e. Defendants—to act in the utmost good faith in the control and management as to the minority shareholders, and it is the essence of this trust that it must be managed so as to produce to each shareholder the best possible return on his or her investment.

28.     Defendants have violated these, and other, principles by acting in a willfully unfair and oppressive manner, and in their own self-interest to the detriment of Plaintiffs.

29.     In violation of M.C.L. § 450.1489, Defendants have engaged in a pattern and practice of willfully unfair and oppressive conduct, including, but not limited to:

a.     Failing to pay dividends when the Company has the financial wherewithal to do so;

b.     Withholding stipends from the Plaintiffs that rightfully belong to them;

c.     Attempting to implement an unfair stock redemption plan that favors the majority shareholders;

d.     Failing to provide the Plaintiffs with documents and information necessary to properly evaluate their interests;

e.     Using corporate funds to pay the personal expenses such as cell phone bills, car payments, and health insurance of the Defendants and their spouses without paying the Plaintiffs in a comparable way;

f.     Failing to provide financial statements or other tax information as to payment of taxes by Plaintiffs that they have a right to receive;

g.   Engaging in acts designed to freeze the Plaintiffs out of the Company rather than give the Plaintiffs the fair share of their investment;

h.   Denying the Plaintiffs any return on their equity while refusing to buy-out their shares for fair value.

30.   Accordingly, Defendants have violated M.C.L. § 450.1489, and Plaintiffs have the remedies stated therein, which include, among other things, fair and equitable relief.

31.   Defendants' actions are willful, wanton and malicious, subjecting them to exemplary damages.

## COUNT II

## BREACH OF FIDUCIARY DUTIES

32.   Plaintiffs restate and incorporate all allegations set forth herein.

33.   In their capacities as officers, directors, and those in control of the Company, Defendants owe various fiduciary duties directly to Plaintiffs.

34.   Defendants have a fiduciary duty of care, duty of loyalty, duty to account, duty of confidentiality, duty of full disclosure, and duty of good faith and fair dealing.

35.   Further, Defendants' fiduciary duties prohibit them from engaging in self-dealing and profiteering to the detriment of their fellow shareholders, without full disclosure and approval of such shareholders.

36.     By virtue of the conduct described above, Defendants have breached the fiduciary duties that they owe to Plaintiffs.

37.     Defendants' conduct has at all times been wanton, intentional, and malicious, and therefore warrants the imposition of exemplary damages.

38.     Defendants' actions have caused, and will continue to cause, significant monetary damages to Plaintiffs.

**COUNT III**

**<u>CLAIM FOR ACCOUNTING</u>**

39.     Plaintiffs restate and incorporate all allegations set forth herein.

40.     Pursuant to M.C.L. § 600.3605, this Court has the power, and actions may be brought in this Court, to:

> a.     Compel persons to account for their conduct in the management and disposition of the corporate funds and corporate property committed to their charge;
>
> b.     Compel persons to pay the Company all sums of money and the value of all property which they have acquired to themselves or transferred to others or have lost or wasted by any violation of their duties as directors, managers, trustees or other officers;
>
> c.     Suspend any corporate trustee or other officer from exercising such office whenever it appears that he or she has abused that position;
>
> d.     Remove any corporate trustee or officer from such office whenever it appears that he or she has abused that position;
>
> e.     Remove any corporate trustee or officer from such office upon proof or conviction of gross misconduct; and

10

      f.     Direct new elections to be held by the corporation or a board duly authorized to hold elections to supply any vacancy created by any removal.

41.    An action under M.C.L. § 600.3605 may be brought by any shareholder of a corporation.

42.    Plaintiffs are shareholders of the Company.

43.    Based on the allegations set forth herein, an accounting is justified in this matter and should be ordered as to the Company.

44.    An accounting is necessary to determine the amounts Defendants have illegally paid themselves, the amounts paid to other entities or persons, the amounts Plaintiffs are entitled to as their distributions from the Company, and to help determine the value of Plaintiffs' interest in the Company.

**COUNT IV**

**DECLARATORY JUDGMENT**

45.    Plaintiffs restate and incorporate all allegations set forth herein.

46.    An actual, existing and bona fide case and controversy exists between Plaintiffs, on the one hand, and Defendants, on the other hand, concerning their respective rights, and a declaratory judgment is necessary to safeguard Plaintiffs' rights and future interests.

47.    If Plaintiffs' rights are not adjudicated by way of declaratory action, there may be immediate adverse consequences to Plaintiffs.

48.     Further, Plaintiffs are entitled to a declaration that Defendants' payments to themselves from corporate assets are oppressive.

## COUNT V

## APPOINTMENT OF A RECEIVER

49.     Plaintiffs restate and incorporate all allegations set forth herein.

50.     The Court's authority to appoint a receiver is indisputable both pursuant to M.C.L. § 450.1489, M.C.L. § 600.2926, and the Court's inherent equitable jurisdiction.

51.     The appointment of a receiver is necessary to prevent Defendants from using the Company to their own benefit and to the detriment of Plaintiffs, and to prevent further fraudulent, illegal, and unfair and oppressive conduct as to Plaintiffs and the Company.

52.     Based on the unlawful conduct described above, and Defendants' corporate abuses, a receiver should be appointed over the assets and operations of the Company.

## RELIEF

WHEREFORE, as to all Counts alleged herein, Plaintiffs respectfully request the following relief:

12

a.     Compensatory, actual, treble, incidental, consequential, exemplary and other damages to which they are entitled, plus interest and attorneys' fees;

b.     The immediate reinstatement of the benefits and compensation which Plaintiffs should have received prior to Defendants' breaches of duties;

c.     All applicable remedies under M.C.L. § 450.1489;

d.     All applicable remedies under M.C.L. § 450.1101, *et seq.*;

e.     Recoupment of all sums ill-gotten by Defendants;

f.     Production of the Company's books and records;

g.     An accounting as to the Company;

h.     Audit;

i.     Constructive trust;

j.     Purchase of Plaintiffs' shares in the Company through forced buyout, and at fair value;

k.     Appointment of a receiver or a special master to ensure that the Company is managed for the benefit of all shareholders rather than for the sole benefit of Defendants;

l.     All declaratory relief set forth herein; and/or

m.     Any other appropriate legal, equitable, and injunctive relief.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury for all issues so triable and as well as those issues for which an advisory jury may be appropriate.

Respectfully Submitted,

**MANTESE HONIGMAN, P.C.**
*Attorneys for Plaintiffs*

By:   */s/Gerard Mantese*
Gerard Mantese (P34424)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

Dated: November 8, 2016